# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:19-cv-2318 RWS |
| | ) | |
| KEITH REPKO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion to proceed in forma pauperis. After review of the financial information the Court will grant plaintiff's motion. See 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will dismiss this action for lack of subject matter jurisdiction and alternatively, for failure to state a claim upon which relief may be granted. *See* Fed.R.Civ.P.12(h)(3) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff is a pro se litigant who filed a complaint against defendant Keith Repko, Medical Center Director at the Veteran's Affairs Medical Center in St. Louis on August 7, 2019.

In the complaint, plaintiff indicated that the basis of this Court's jurisdiction was a federal question. Specifically, in the section of the form complaint for asserting federal question jurisdiction, plaintiff stated: "Veterans Benefits." In his "Statement of Claim" section, plaintiff stated in full:

> (1)As the individual responsible for the operation of the St. Louis VA medical Center Keith Repko has failed to provide me care for a painful back injury suffered by me as a result of a tractor-trailer incident in Wyoming in July 2018. Specifically, chiropractic care, which I have requested in a normal fashion more than once. (2) Keith Repko allowed a VA social worker to take a Section 8 Voucher from me via a telephone call in January of 2018. I am homeless. (3) Keith Repko has barred me

from the Hope Recovery Center at 515 N. Jefferson, St. Louis, MO (4) Keith Repko has placed on my VA electronic record a flag indicating I am violent. (5) Keith Repko allows a substantial transfer of U.S. taxpayer dollars to two private institutions, St. Louis University and Washington University.

Plaintiff supplemented these allegations with several exhibits that were sent to the Court after the filing of the complaint.[1] The exhibits included a letter from a HUD social worker to plaintiff relative to his Ameren bill; a collection letter from National Credit Systems, Inc.; a letter from a resolution specialist with Supportive Services with Veteran Families; and a letter from the VA Health Care System in St. Louis referencing scheduling him for chiropractic care.

## Discussion

For the reasons discussed below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter

---
[1]The Court treated these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

2

jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff has indicated that the basis of this Court's jurisdiction is federal question jurisdiction. As explained below, however, neither federal question nor diversity of citizenship jurisdiction is apparent on the face of the complaint.

### a. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of

3

action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Plaintiff has asserted federal question jurisdiction as the basis of this Court's jurisdiction. However, he has not indicated what federal statute, federal treaty, or constitutional provision is at issue in this case. Rather, he broadly states only that "veterans' benefits" were denied to him. He makes no further allegations regarding what this "discrimination" entailed. He claims that the director of the Veterans Affairs Medical Center "has failed to provide [him] care for a painful back injury." Plaintiff does not include in his complaint when this alleged failure occurred or how defendant Repko allegedly denied him care. Instead, plaintiff merely states that he was denied "chiropractic" care. Yet, one of plaintiff's own exhibits, dated January 17, 2020, indicates that the VA St. Louis Health Care System had been attempting to contact plaintiff to provide him with chiropractic care.

Additionally, although plaintiff alleges that defendant Repko had a social worker take his Section 8 voucher from him and barred him from the Hope Recovery Center, such that he became homeless, he has provided evidence in one of his exhibits that he had housing as of December 27, 2019, and was enrolled in Supportive Services for Veteran Families. Plaintiff's broad-based allegations are merely conclusory and cannot form the basis for this Court's jurisdiction.[2] The

---

[2] Plaintiff's complaint is additionally subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state claim. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. In reviewing the complaint, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). While a pro se litigant is entitled to have their complaint liberally construed, he or she is "not excused from compliance with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). As set forth above, the complaint relies on vague and conclusory assertions regarding defendant Repko's alleged actions. The scattershot approach taken in plaintiff's complaint never explicitly identifies the specific law or laws he finds unconstitutional. Instead, he relies on the overall premise that because defendant Repko oversaw the Medical Center he should be held liable for plaintiff's medical misfortunes and homelessness. This does not give defendants any kind of notice of the nature and basis or grounds for plaintiff's claims. More fundamentally, plaintiff

Court is not required to accept such conclusory allegations as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Plaintiff has not provided any factual allegations regarding his last two claims – that defendant Repko flagged plaintiff as violent and that he transferred taxpayer money to two college institutions. Moreover, plaintiff has not articulated how these claims arise under federal law or in some way relate to violations of the Constitution.

To the extent plaintiff is attempting to assert a claim against defendant Repko, the head of the Veterans Medical Center, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § §2671 *et seq.*, the Court finds that plaintiff has not stated such a claim.

Plaintiff has not clearly enunciated a claim under the FTCA, however, it does appear that he seeks to redress an allegedly wrongful veteran benefits determination, or delay of his receipt of a claims file relating to housing issues. Nevertheless, plaintiff alleges no facts that can be liberally construed as demonstrating that state law would impose liability on a private individual in similar circumstances, and he therefore fails to state a valid FTCA claim. *See First Nat. Bank in Brookings v. United States*, 829 F.2d 697, 700 (8th Cir. 1987).[3]

The Court notes that plaintiff also has not brought a *Bivens*[4] claim against defendant Repko. Plaintiff does not state a viable *Bivens* claim against Repko because he does not allege, through

---

never alleges how, or even if, he has been personally harmed by any law or policy put into place by defendant Repko, himself. Indeed, plaintiff does not include any facts about what defendant Repko did to plaintiff that was unlawful. Therefore, plaintiff has failed to allege that he has been harmed or that defendant Repko is responsible for his harm. The complaint is subject to dismissal.

[3]The law of the state in which negligence arises, here, Missouri, "provides the source of substantive liability under the FTCA." *Sorace v. United States,* 788 F.3d 758, 763 (8th Cir. 2015).

[4]Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), an individual may sue individual federal agents for damages for unconstitutional conduct in violation of the Fourth, Fifth and Eighth Amendments.

factual circumstances, that Repko himself was personally involved in any of the alleged misconduct. *See Iqbal,* 556 U.S. at 675-77 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Finally, this Court lacks jurisdiction to redress veteran benefits determinations, and the Eighth Circuit Court of Appeals has specifically refused to recognize a *Bivens* action in cases alleging a wrongful delay or denial of veterans' benefits. *See Mehrkens v. Blank,* 556 F.3d 865, 870 (8th Cir. 2009) (recognizing that Congress enacted the Veterans' Judicial Review Act to establish a framework for adjudication of veterans' benefits claims, and that body is better suited to augment that scheme with new remedies); *see also Radford v. United States*, 178 F. Supp. 3d 784, 790-91 (E.D. Mo. 2016).

### b. Diversity of Citizenship Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

In this case, plaintiff has not established diversity of citizenship because both he and defendant are citizens of the State of Missouri. Moreover, the amount his controversy that he has alleged – $74,999 – is below the jurisdictional amount.

The Court is required to dismiss an action if it determines "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). As discussed above, plaintiff's complaint against defendant Repko fails to state a jurisdictional basis. Plaintiff has not demonstrated that his claim against Repko arises under federal statute, federal treaty, or constitutional provision. He has also failed to establish diversity of the parties or allege the proper jurisdictional amount. Therefore, this action must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that alternatively, this action is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of March, 2020.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE